IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| BILL CLEARY, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 210398N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's Notice of Assessment, dated August 26, 2021, for the 2018 tax year. A trial was held by WebEx on February 28, 2022. Plaintiff appeared and testified on his own behalf. Ron Cleary (Cleary), Plaintiff's father, also testified on Plaintiff's behalf. Brandon Burgess (Burgess), tax auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibit 1 and Defendant's Exhibits A through D were received without objection.

## I. STATEMENT OF FACTS

Plaintiff was the owner and sole employee of a trucking business during the 2018 tax year. (Compl at 11.) He stored business equipment on property that he dedicated entirely to his business. (*Id.* at 13.) The property was a two-acre lot "with a single wide trailer and a 40' x 80' commercial shop." (Ptf's Ex 1 at 78.) The business had "changed and evolved over the years" and equipment that was previously used by the business to haul and spread gravel was stored on the property alongside equipment used for trucking activities. (*Id.*) In 2018, Plaintiff drove an older-model Atlas Van Lines truck, which required frequent maintenance and engine "overhauls" that Plaintiff performed himself. (*Id.* at 78-79.) Plaintiff did not have a separate bank account or credit card for business activities, instead using his personal credit cards and checking account. (Def's Ex B.) At issue are three categories of business expenses that Plaintiff claimed on his

2018 Oregon income tax return: materials and equipment; a Ford F250 truck; and fuel. (Compl at 9-10; Def's Ex A at 1-11.)

A.    *Materials and Equipment*

Plaintiff claims $22,660 in material and equipment expenses for 2018 that were disallowed by Defendant for lack of substantiation. (Ptf's Ex 1 at 29-42, 77.) He purchased those materials and the used equipment in part because of the "special depreciation allowance of 100 percent for equipment purchased after September 27, 2017." (Compl at 9.) In his testimony, Plaintiff referred to those items as "random used junk" purchased over the year. He explained that the purchases were all made in cash because the private sellers "[did] not accept checks or credit cards." (*Id.* at 9.) Plaintiff stated he "followed the guidance from the IRS for cash purchases. [The IRS] indicates to document the transaction, take a photo, and if not immediately obvious how the purchase relates to the business, make a note." (*Id.*)

Plaintiff provided pictures of each of the fourteen items purchased, accompanied by a description of the item and its business purpose, as well as a handwritten receipt documenting the item, the price, and in some cases the seller's name. (Ptf's Ex 1 at 29-42.) The items include: a tractor Plaintiff uses for snow removal at the business property, detachable snowblower and various other tractor parts and accessories; firewood for heating the workshop on the property; an anvil, lathe, welder, "I" beam to construct an overhead hoist, and table with vise for working on the engine of the Atlas truck; and various parts or accessories for the Atlas truck itself, including axles, loading ramps, a CB, and CB accessories. Plaintiff provided statements from his checking account, revealing cash withdrawals near the claimed purchase dates in amounts sufficient to cover the price of the materials and equipment purchases claimed on his return. (Ptf's Ex 1 at 43-72.)

B.     *Vehicle Expenses—2006 Ford F250*

Plaintiff claimed expenses related to a 2006 Ford F250 truck. (Compl at 9.) Plaintiff testified that he maintained a different vehicle and a motorcycle for personal use and the F250 was used solely for business purposes, such as going to the bank and to purchase parts and materials for the business. (*Id.*) The truck was kept at the business property, not at Plaintiff's residence, and was registered under the business name and to the business property's address. (*See also id.*) Plaintiff testified that he had no written policy regarding personal versus business use of the truck, and the truck bears no signage or markings indicating affiliation to the business.

Plaintiff provided receipts totaling $1,561.35 for fuel and insurance expenses that were disallowed by Defendant. (Ptf's Ex 1 at 13-25.) Plaintiff also provided receipts from various vendors as evidence of trips made in the truck for business purposes. (*Id.* at 26-28.) Those included receipts for commercial tires and various truck parts, all from vendors located near Plaintiff's business property. (*Id.*) The dates on those receipts all fall within a few days to a week of the receipts for fuel. (*Id.*)

C.     *Fuel*

The parties agreed that Plaintiff's business takes him away from home for over 300 days a year. Cleary was granted Power of Attorney many years ago, in part so he could conduct business on Plaintiff's behalf when Plaintiff was away from home. (Compl at 8; *see also* Ptf's Ex 1 at 1-2 (Power of Attorney, dated April 20, 1998).) Although not an employee, Cleary performed a variety of tasks for the business during 2018, such as repairing equipment, securing and mowing the business property, checking mail almost daily, and running errands. (Compl at 8-9.) Cleary purchased fuel for his personal vehicle with his own funds while running errands for the business, kept the receipts, and was reimbursed by Plaintiff when Plaintiff returned home.

(*Id.*; Ptf's Ex 1 at 75.) Plaintiff claimed those fuel reimbursements as expenses on his 2018 return. (*Id.*) Plaintiff testified he reimbursed Cleary in cash. Cleary testified that he did not maintain mileage logs while running errands for Plaintiff's business.

Plaintiff's fuel receipts each bear a hand-written notation of either "Dad Gas," "Mower," "Tractor," "Gas Can," or simply "Dad." (Def's Ex D; Ptf's Ex 1 at 3-12.)[1] The auditor disallowed the fuel expenses documented by receipts labeled "Dad Gas," "Dad," or otherwise appearing to be attributed to Cleary, as personal expenses, citing the lack of information to substantiate that the expenses were "directly connected with or pertaining to the taxpayer's trade or business." (Ptf's Ex 1 at 77 (citing Treas Reg § 1.162-1(a)).) Some of Plaintiff's receipts are faded, with the dates and amounts illegible or completely obscured. (Ptf's Ex 1 at 3-12; Def's Ex D.) The legible receipts from 2018 total $2,444; that amount includes $1,956 from receipts labeled as "Dad" or "Dad Gas," and $488 from receipts labeled "Mower," "Tractor," and "Gas Can." (*Id.*) Plaintiff's bank statements reveal Plaintiff had sufficient cash on hand to reimburse Cleary in cash for the fuel documented by the receipts in addition to the material and equipment purchases, discussed above. (Ptf's Ex 1 at 43-72.)

## II. ANALYSIS

At issue is whether Plaintiff adequately substantiated his claimed business expense deductions for the 2018 tax year.

The Oregon legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code relating to the measurement of taxable income of individuals, * * * modified as necessary by the state's jurisdiction to tax and the

---

[1] Plaintiff provided copies of receipts in his exhibits for this proceeding, including a few receipts that were not originally produced during the audit.

revenue needs of the state[.]" ORS 316.007(1).[2] In general, terms have "the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined * * *." ORS 316.012. Oregon has made no relevant modifications regarding the allowability of the deductions at issue, so the court looks to the IRC and its administrative and judicial interpretations. *See* ORS 316.032.

Under IRC section 162, there "shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." "Whether an expense is deductible under [IRC] section 162 is a question of fact to be decided on the basis of all the relevant facts and circumstances." *Adams v. Comm'r*, 105 TCM (CCH) 1029, WL 135103 at *9 (2013). IRC section 262 generally disallows deductions for "personal, living, or family expenses" not otherwise allowed under the IRC. Certain categories of business expenses, such as passenger automobiles, must meet strict substantiation requirements under IRC section 274 to be deductible. IRC § 280F(d)(4).

Deductions are a "matter of legislative grace," and the burden of proof is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992). The taxpayer is responsible for maintaining records that are "sufficient to establish the amount of gross income [and] deductions * * *." Treas Reg § 1.6001-1(a); *see also* IRC § 6001. As the party seeking affirmative relief, Plaintiff bears the burden of proof by a preponderance of the evidence. *See* ORS 305.427. A preponderance of the evidence means "the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). This court has authority to determine the correct amount of deficiency "upon grounds other or different from those asserted by the department * * *." ORS 305.575.

A.      *Materials and Equipment*

Plaintiff claims that the materials and equipment at issue were purchased to maintain the business property, or to repair or equip the Atlas truck. For each item, he provided pictures, receipts, and descriptions detailing the price and business use. Plaintiff also provided bank statements substantiating that he had enough cash on hand to make the claimed cash purchases around the time that the transactions took place. Plaintiff adequately and credibly explained the business purpose of each expense. *Cf. Vepsalainen v. Dept. of Rev.,* TC-MD 190252N, WL 832862 (Or Tax M Div, Feb 19, 2020) (denying a professor's purchase of digital books and electronic equipment because he did not clearly explain the business purpose of those purchases). The court finds that Plaintiff has substantiated material and equipment expenses in the amount of $22,660.

B.      *Vehicle Expenses—F250*

Under IRC section 274(d), deduction of certain business expenses, including "listed property," described under IRC section 280F(d)(4), requires strict substantiation. Listed property includes a "passenger automobile," which means any four-wheeled vehicle "manufactured primarily for use on public streets, roads, and highways" and "rated at 6,000 pounds" or less. IRC § 280F(d)(4), (5). Strict substantiation under IRC section 274(d) requires taxpayers to maintain "by adequate records or by sufficient evidence corroborating the taxpayer's own statement" the amount, time, place, and business purpose of the expense. It is taxpayer's responsibility to "maintain an account book, diary, log, statement of expense, trip sheets, or

similar record, * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure or use * * *." Treas Reg § 1.274-5T(c)(2)(i). Although a "contemporaneous log is not required, * * * a record of the elements of an expenditure or of a business use of listed property made at or near the time of the expenditure or use, supported by sufficient documentary evidence, has a high degree of credibility * * *." Treas Reg § 1.274-5T(c)(1).

The "substantiation requirements of section 274(d) * * * apply generally to any pickup truck or van, unless the truck or van has been specially modified with the result that it is not likely to be used more than a de minimis amount for personal purposes." Treas Reg § 1.274-5(k)(7). For example, a vehicle "that has been specially painted with advertising or the company's name, is a vehicle not likely to be used more than a de minimis amount for personal purposes." *Id.*

Here, the court received no evidence that the F250 was specially modified or rated at a particular weight, so it is subject to strict substantiation requirements like other passenger vehicles under IRC section 274(d). *See Danielson v. Dept. of Rev.,* TC-MD 160282C, WL 5158730 at *6 (Or Tax M Div, Nov 7, 2017) (disallowing expenses claimed for an F350 because no evidence was presented that the truck was specially modified, and taxpayer did not have documentary evidence "showing the time, place, or business purpose of the use" of the vehicle.).

Although Plaintiff states that he tracked expenses on a spreadsheet, Plaintiff has not provided the court with any "records or sufficient evidence" of the time, place, and business use of the F250 truck to corroborate Plaintiff's testimony that it was used 100 percent for his trucking business. Plaintiff provided receipts for items he claims were purchased on trips using the truck, however, there is nothing in those receipts tying the F250 to the purchases. The fact

that the fuel receipts for the truck were issued around the same time as the invoices from vendors may be evidence that the truck was in use during those times, but still does not directly connect those trips or any other business use to the truck. *See Barott v. Dept. of Rev.*, TC-MD 120603N, WL 1830815 at *4 (Or Tax M Div, Apr 30, 2013) (disallowing expenses claimed for an F250 because, although taxpayer provided receipts for expenses like fuel purchases, taxpayer "provided no evidence of the business use of the Ford F250 such as a log or other records from which the court could determine the percentage of business use.")

Treasury Regulation 1.274-6T permits employers to meet strict substantiation requirements under IRC section 274(d) for vehicle expenses by providing a written policy prohibiting personal use of a vehicle by employees. The written policy must state that the vehicle is owned by the employer and provided to one or more employees for use in connection with the employer's business; the vehicle is kept on the employer's business premises when not in use; no employee lives at the business premises; personal use of the vehicle is prohibited; and that the employer reasonably believe that the employee does not use the vehicle for personal purposes. A sole proprietor is "treated as both an employer and employee." Treas Reg § 1.274-6T(e)(2)(i). Plaintiff's testimony suggests that the truck meets several of those requirements: the truck was registered under the business name and kept at the business premises when not in use, Plaintiff did not live at the business premises, and Plaintiff testified that he did not use the truck for personal purposes. However, Plaintiff did not maintain a written policy prohibiting personal use of the truck. Accordingly, Plaintiff does not meet the substantiation requirement set by IRC section 274(d) and Treasury Regulation 1.274-6T.

/ / /

/ / /

C.    *Fuel*

The only documentation regarding the claimed fuel expenses is the receipts Cleary received from gas stations when he paid for the fuel using his own funds. Plaintiff's notations on those receipts create two general categories: 1) fuel attributed to Cleary, noted as "Dad" or "Dad Gas"; and 2) fuel purchased for equipment used by the business, including for the "Gas Can," "Tractor," and "Mower." (Ptf's Ex 1 at 3-12.)

The first category of fuel for Cleary's passenger vehicle pertains to "listed property" and is subject to strict substantiation requirements under IRC section 274(d) and the accompanying regulations. IRC § 280F(d)(4)(A)(i). Although the receipts provided by Plaintiff document the amount, time, and place of the incurred fuel expenses, the handwritten notations do not identify the business purpose of the fuel expenses for "Dad" or "Dad Gas." Cleary did not maintain a mileage log to demonstrate the number of miles driven while attending to business matters, or what business activities he performed during those trips. Cleary testified that when he took trips for the business, he engaged in no personal activities, but did not explain how he distinguished the amount of fuel used while performing tasks for the business versus the amount of fuel used for his personal use after completing trips for the business. The court does not doubt the sincerity of Plaintiff's and Cleary's testimony that the fuel was used, at least in part, for business purposes. However, Plaintiff has not met the strict substantiation requirement under IRC section 274 and cannot deduct those fuel expenses.

The second category of fuel expenses were incurred for equipment located and used on the business property, noted as "Mower," "Tractor," and "Gas Can." Expenses for equipment such as the mower and the tractor are not subject to the same strict substantiation requirements as listed property. Plaintiff's receipts adequately explain the time, place, amount, and business

purposes of the fuel. Plaintiff's fuel expenses for the mower, tractor, and gas can are allowed in the amount of $488.

## III. CONCLUSION

After careful consideration of the evidence presented, the court finds that Plaintiff has substantiated some of his claimed business deductions for the 2018 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that, for the 2018 tax year, Plaintiff is allowed a business expense deduction of $22,660 for materials and equipment, and of $488 for fuel.

IT IS FURTHER DECIDED that Plaintiff's appeal is denied with respect to his claimed business expense deductions for the Ford F250 and fuel for his father's vehicle.

Dated this _____ day of May 2022.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on May 23, 2022.***